UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

CHRISTOPHER TAYLOR,

                      Plaintiff,

-against-

PRESIDENT JOE BIDEN, ET AL.,

                      Defendants.

23-CV-9082 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Christopher Taylor, currently incarcerated in the Colorado State Penitentiary, in Cañon City, Colorado, brings this action *pro se*. By order dated November 11, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Plaintiff is barred, however, under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any new federal civil action IFP while he is a prisoner. Accordingly, the Court revokes Plaintiff's IFP status and dismisses this action without prejudice under Section 1915(g).

## DISCUSSION

**A.**    **Three Strikes Analysis**

      Under the PLRA:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).

      Although this Court initially found in this action that Plaintiff was not barred under Section 1915(g), this Court recently determined, in another case, that he has in fact accrued at

least three strikes. *See Taylor v. Biden*, ECF 1:23-CV-9083, 5 (S.D.N.Y. Jan. 3, 2024).[1] Accordingly, the Court finds that Plaintiff is barred under Section 1915(g) and may only proceed IFP if his complaint shows that he was under imminent danger of serious physical injury at the time that he filed his complaint.[2]

**B.   Imminent Danger Analysis**

Plaintiff filed this complaint against 24 defendants, including President Biden, federal agencies, Morgan Stanley, Microsoft, Starbucks, T-Mobile, national sports organizations, and musicians, and alleges the following facts.[3]

> All companys listed committed a crime of intent for heart attack knowly that it was a crime of conspiracy money was birbed in every state by these company knowing the crimes against me, this suit will be filed with the constitution in construction with the federal victim & witness protection act in construction with treason guidelines in construction with one statute of criminal law, all companys were in the crime of treason with the United States Military, all was filed in the court of Seattle WA's federal court, terrorism guidelines will be follow to the Pentagon . . . .

(ECF ¶ V.)

Plaintiff seeks "17 trillion dollars plus 50 billion" in money damages. (*Id.* at 8.)

---

[1] That order lists the following cases: *Taylor v. FBI NY*, No. 19-3972 (2d Cir. Apr. 30, 2020) (dismissing appeal as frivolous); *Taylor v. Kings Cnty WA*, No. 21-CV-1182 (MJP) (W.D. Wash. Oct. 14, 2021) (dismissing complaint as frivolous and for failure to state a claim); *Taylor v. Ferguson*, No. 20-CV-1262 (BHS) (W.D. Wash. Nov. 16, 2020) (dismissing complaint for failure to state a claim); *Taylor v. Microsoft*, No. 19-CV-0403 (RMS) (W.D. Wash. Mar. 22, 2019) (dismissing amended complaint for failure to state a claim and as frivolous); *Taylor v. DEA*, No. 18-CV-0687 (RSM) (W.D. Wash. Nov. 19, 2018) (dismissing complaint for failure to state a claim).

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

These allegations does not suggest that at the time Plaintiff filed this action, he was under imminent danger of serious physical injury. Accordingly, the Court revokes Plaintiff's IFP status and dismisses this action without prejudice under the PLRA's filing bar. *See* § 1915(g).

## CONCLUSION

The Court revokes Plaintiff's IFP status and dismisses this action without prejudice under the PLRA's filing bar. 28 U.S.C. § 1915(g).[4] Plaintiff is barred from filing any federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[5] *Id.*

The Court directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action, and the Warden or Superintendent having custody of Plaintiff shall not deduct or encumber funds from Plaintiff's prison trust account for this lawsuit.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[4] Plaintiff may commence a new federal civil action by paying the relevant fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[5] The Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this Court (even if the relevant fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   January 8, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge